UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH HENRY DUNCIL,

        Petitioner,

                                 CIVIL NO. 2:09-CV-13135
v.                            HONORABLE GEORGE CARAM STEEH
                                 UNITED STATES DISTRICT COURT

GARY CAPELLO,

        Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Joseph Henry Duncil, ("Petitioner"), presently confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his convictions for second-degree murder, M.C.L.A. 750.317; and felony-firearm. M.C.L.A. 750.227b. For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

### I. Discussion

Petitioner was convicted of the above offenses following a jury trial in the Macomb County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Duncil,* No. 273116(Mich.Ct.App. March 13, 2008); *lv. den.* 482 Mich. 974 (2008).

1

On August 4, 2009 [1], petitioner filed his petition, in which he seeks habeas relief on the following grounds:

> I. The cumulative effect of the prosecutor's misconduct denied defendant a fair trial.
>
> II. Evidentiary error infringed on defendant's due process rights to a fair trial.
>
> III. Ineffective assistance of counsel denied defendant a fair trial.
>
> IV. The cumulative effect of error requires that defendant be granted a new trial.
>
> V. Defendant was denied his rights to a fair trial where the prosecutor engaged in deliberate and extensive issues of misconduct.
>
> VI. Defendant was denied his rights to effective assistance of counsel whereas counsel failed to object to numerous issues of prosecutorial misconduct and ensuring that the defendant's rights to a fair trial were protected.
>
> VII. The defendant was denied effective assistance of counsel, where counsel failed to object to the statement given by a "non-testifying" informant that was introduced at trial.

## II. Discussion

The instant petition is subject to dismissal because it contains three claims which, by petitioner's own admission, have not been properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first

---

[1] Under the prison mailbox rule, this Court assumes that petitioner actually filed his habeas petition on August 4, 2009, the date that it was signed and dated. *See Fugate v. Booker,* 321 F. Supp. 2d 857, 859, n. 2 (E.D. Mich. 2004).

exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

In the present case, petitioner indicates that his fifth, sixth, and seventh claims were not presented before the Michigan Court of Appeals on his direct appeal, but were raised only for the first time in his application for leave to appeal with the Michigan Supreme Court.

When an appellant fails to appeal an issue to the Michigan Court of Appeals, the issue is considered waived before the Michigan Supreme Court. *See Lawrence v. Will Darrah & Associates, Inc.,* 445 Mich. 1, 4, n. 2; 516 N.W. 2d 43 (1994); *Butcher v. Treasury Dep't.*, 425 Mich. 262, 276; 389 N.W. 2d 412 (1986). Therefore, petitioner's failure to raise his fifth, sixth, and seventh claims

in his appeal to the Michigan Court of Appeals precluded the Michigan Supreme Court from considering the issues in his application for leave to appeal.

More importantly, raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present his fifth, sixth, and seventh claims in his appeal with the Michigan Court of Appeals, his subsequent presentation of these claims to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 844, n. 5 (E.D. Mich. 2001); *Winegar v. Corrections Department*, 435 F. Supp. 285, 288-89 (W.D. Mich. 1977)*;See also Ellison v. Brown*, 16 F. 3d 1219, 1994 WL 43440, * 2 (6th Cir. February 14, 1994). Because petitioner presented these three claims to the Michigan Supreme Court but not to the Michigan Court of Appeals, the claims have not been properly exhausted with the Michigan courts.

Moreover, although petitioner raised several prosecutorial misconduct and ineffective assistance of counsel claims in his direct appeal with the Michigan Court of Appeals, these claims were different than the prosecutorial misconduct and ineffective assistance of counsel claims that are contained in his fifth through seventh claims and which were raised for the first time only in his application for leave to appeal to the Michigan Supreme Court. The doctrine of exhaustion

requires that a prosecutorial misconduct claim be presented to the state courts under the same theory as the prosecutorial misconduct claim being raised in the habeas petition. *See Williams v. Bagley,* 380 F. 3d 932, 969 (6th Cir. 2004). Because petitioner's fifth claim alleging prosecutorial misconduct is based on a different theory than the prosecutorial misconduct claims which were raised on his direct appeal before the Michigan Court of Appeals, petitioner's fifth claim has not been fairly presented to the state courts. *Id.* Likewise, a habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley,* 69 F. 3d 247, 253 (8th Cir. 1995)(internal quotation omitted). Because the ineffective assistance of counsel claims that are raised in petitioner's sixth and seventh claims are different than the ineffective assistance of counsel claims presented to the Michigan Court of Appeals, these claims have not been fairly presented to the state courts. *See Caver v. Straub,* 349 F. 3d 340, 346-47 (6th Cir. 2003)(*citing to Pillette v. Foltz,* 824 F. 2d 494, 497 (6th Cir. 1987)); *See also Brandon v. Stone,* 226 Fed.Appx. 458, 459 (6th Cir. 2007).

      The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003). Petitioner has an available state court remedy with which to exhaust his fifth, sixth, and seventh claims. Exhausting state court remedies in this case

5

requires the filing of a post-conviction motion for relief from judgment under M.C.R. 6.500. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could exhaust these claims by filing a motion for relief from judgment with the Macomb County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). A habeas petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he has raised in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 544 U.S. 269 (2005), there are no exceptional or unusual circumstances present which would justify holding the instant petition for writ of habeas corpus in abeyance pending

6

petitioner's return to the state courts to exhaust his fifth through seventh claims, rather than dismissing it without prejudice.

The Michigan Supreme Court denied petitioner's application for leave to appeal on September 9, 2008. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Because petitioner did not seek a writ of certiorari with the United States Supreme Court, petitioner's judgment became final, for the purpose of commencing the running of the one year limitations period, on December 8, 2008. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed his petition for writ of habeas corpus with this Court on August 4, 2009, after approximately eight months had elapsed on the one year limitations period. In addition, 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. This Court is dismissing the petition without delay so that petitioner can return to the state courts. Because petitioner

has four months remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of petitioner's state post-conviction proceedings, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d at 845-46.

There is however, an equitable remedy available to petitioner. In *Hargrove v. Brigano*, 300 F. 3d 717, 719-721 (6th Cir. 2002), the petitioner sought habeas relief on the grounds of constitutionally insufficient evidence. *Id.* at 718. Since the *pro se* petitioner had never filed an appeal, the district court dismissed the petition without prejudice, in order for the petitioner to exhaust his state remedies. *Id.* The district court, acting prospectively, ordered the tolling of the AEDPA limitations period, effective the date the petition was filed, conditioned on the petitioner's pursuing his state remedies within 30 days of the dismissal and returning to federal court within 30 days after exhaustion. *Id.* The warden challenged this order, but the Sixth Circuit Court of Appeals found that "the decision to equitably toll the petition was reasonable under the circumstances of this case and under the conditions set forth by the district court." *Id.* at 719.

In this case, petitioner promptly filed his petition for writ of habeas corpus with this Court. Nor can this Court conclude that petitioner's claims are plainly

meritless.  For these reasons, this Court shall adopt the equitable tolling timing solution, as well as the safeguards, approved by the Sixth Circuit in *Hargrove.* The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from August 4, 2009, the date petitioner filed his petition, until petitioner returns to federal court.  This tolling of the limitations period is contingent upon petitioner complying with the conditions indicated below.

### III.  ORDER

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from August 4, 2009 until the time petitioner returns to federal court to pursue habeas corpus relief, provided that petitioner files a Motion for Relief from Judgment in the Macomb County Circuit Court within sixty days of this Court's order and that he returns to this Court to pursue habeas corpus relief within thirty days of the completion of his state post-conviction proceedings.

Dated:  August 26, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 26, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk